SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ALAN EISENMAN and ISAAC BEGUN,

                              Plaintiffs,
        -against-

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE OF
LAWRENCE KATZ, ESQ., PLLC,

                              Defendants.

**SUMMONS WITH NOTICE**

Index No.:

To the above-named Defendants:

        **YOU ARE HEREBY SUMMONED** to serve a Notice of Appearance on the Plaintiffs within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice set forth below. The basis of the venue designated is the residence of Plaintiff.

Dated: Cedarhurst, New York
           November 4, 2022

                              **LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC**
                              *Attorneys for Plaintiffs*
                              483 Chestnut Street
                              Cedarhurst, New York 11516
                              (516) 295-0903
                              *elliot@eblumenthallaw.com*

              By: _____
                    ELLIOT J. BLUMENTHAL

TO:    LAWRENCE KATZ
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

THE LAW OFFICE OF LAWRENCE KATZ, P.C.
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

THE LAW OFFICE OF LAWRENCE KATZ, ESQ., PLLC
488 Empire Blvd., Suite 101
Brooklyn, NY 11225-3204

**NOTICE:** The nature of this action is that Defendants committed fraud, legal malpractice, breach of fiduciary duty, and have violated Judiciary Law § 487. The action arises out of Defendants' assistance and participation in a massive fraud relating to a raise of capital by an individual named Aaron Fischman for a business entity known as Cardis. Defendants allowed Fischman to control their attorney escrow accounts and use Plaintiffs' funds that had been given to Defendants as investments in Cardis, to be used for Fischman's personal expenses and said funds were improperly disbursed to Fischman and Fischman's family members.

The relief sought is,

i.    damages for monetary loss of investment;

ii.    treble damages for a violation of Judiciary Law § 487

iii.    punitive damages;

iv.    costs and disbursements of this action, including attorney's fees; and

v.    such other and further relief as the Court may deem just and proper.

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 11/04/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ALAN EISENMAN and ISAAC BEGUN,

        Plaintiff,                              Index No.

        -against-

LAWRENCE KATZ, THE LAW OFFICE OF
LAWRENCE KATZ, P.C., and THE LAW OFFICE
OF LAWRENCE KATZ, ESQ., PLLC,

        Defendants.

---------------------------------------------------------------X

## SUMMONS WITH NOTICE

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated*: November 4, 2022        Signature.................................................................

Print Signer's Name: Elliot J. Blumenthal

---

*Service of a copy of the within*                           *is hereby admitted.*

*Dated*:.....................                  .............................................................
                                         *Attorney(s) for*

---

LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC
483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516
*ATTORNEYS FOR PLAINTIFFS*
TELEPHONE (516) 295-0903
FAX (516) 706-3963
E-MAIL: ELLIOT@EBLUMENTHALLAW.COM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
Alan Eisenman and Isaac Begun,　　　　　　　　　　　　　　Index No. 615418/2022

　　　　　　　　　　　Plaintiffs,
　　　-against-　　　　　　　　　　　　　　　　　　　　　**DEMAND FOR COMPLAINT**

Lawrence Katz, The Law Office of
Lawrence Katz, P.C., and The Law Office of
Lawrence Katz, Esq., PLLC,

　　　　　　　　　　　Defendants.
------------------------------------------------------------------X

C O U N S E L O R (S)

**PLEASE TAKE FURTHER NOTICE** that the Defendants by and through the undersigned counsel hereby demands pursuant to CPLR § 3012(b) that Plaintiff serve its complaint upon each of the Defendants in the above-captioned proceeding. Pursuant to CPLR § 3012(b), this demand does not constitute an appearance in this action or a waiver of any jurisdictional or other claims or defenses or objections to venue.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR § 2103 the undersigned counsel expressly rejects service of papers in this matter upon them by electronic means other than by NYSCEF.

Dated:　Brooklyn, New York
　　　　March 12, 2023

　　　　　　　　　　　　　　　　　　　　　　　　Levi Huebner & Associates, PC

　　　　　　　　　　　　　　　　　　　　　　　　/ s / Levi Huebner
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　By:　　Levi Huebner

　　　　　　　　　　　　　　　　　　　　　　　　488 Empire Boulevard, Suite 100
　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11225
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 354-5555

　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

Via NYSCEF to all Counsel of Record

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

ALAN EISENMAN and ISAAC BEGUN,

         *Plaintiff*,

-against-

LAWRENCE KATZ, LAW OFFICES OF LAWRENCE KATZ, ESQ. PLLC, LAW OFFICES OF LAWRENCE KATZ P.C.,

         *Defendants*,

Index No. **615418/2022**

**ANSWER AND AFFIRMATIVE DEFENSES BY LAWRENCE KATZ**

Levi Huebner, the attorney for Defendants Lawrence Katz, Law Offices of Lawrence Katz Esq. PLLC, and Law Offices of Lawrence Katz P.C. ("Defendants") responds to the Complaint by answering the corresponding numbered allegations:

## PARTIES AND BACKGROUND

1. Defendants deny knowledge or information to form a belief as to the allegations contained in paragraph '1' of the complaint.

2. Defendants admit the allegations contained in paragraph '2' of the Complaint.

3. Defendants admit the allegations contained in paragraph '3' of the Complaint.

4. Defendants deny each and every allegation contained in paragraph '4' of the Complaint, except admit that Katz is an attorney.

5. Defendants admit the allegation contained in paragraph '5' of the Complaint to the extent they admit that defendant was a corporation in the state of New York.

6. Defendants admit the allegation contained in paragraph '6' of the Complaint to the extent they admit that defendant was an LLC formed in the state of New York.

1

7. Defendants deny each and every allegation contained in paragraph '7' of the Complaint.

8. Defendants deny each and every allegation contained in paragraph '8' of the Complaint.

9. Defendants deny each and every allegation contained in paragraph '9' of the Complaint.

10. Defendants deny each and every allegation contained in paragraph '10' of the Complaint.

11. Defendants deny each and every allegation contained in paragraph '11' of the Complaint.

12. Defendants deny each and every allegation contained in paragraph '12' of the Complaint.

13. Defendants deny each and every allegation contained in paragraph '13' of the Complaint.

14. Defendants deny each and every allegation contained in paragraph '14' of the Complaint.

15. Defendants decline to either deny or admit these allegations on the basis of privilege.

16. Defendants deny each and every allegation contained in paragraph '16' of the Complaint.

17. Defendants deny each and every allegation contained in paragraph '17' of the Complaint.

18. Defendants deny each and every allegation contained in paragraph '18' of the Complaint.

19. Defendants deny each and every allegation contained in paragraph '19' of the Complaint.

20. Defendants deny each and every allegation contained in paragraph '20' of the Complaint.

21. Defendants deny knowledge or information to form a belief as to the allegations contained in paragraph '21' of the complaint.

22. Defendants deny each and every allegation contained in paragraph '22' of the Complaint except admits that he is an attorney duly admitted to the bar of the State of New York.

23. Defendants deny each and every allegation contained in paragraph '23' of the Complaint.

24. Defendants deny each and every allegation contained in paragraph '24' of the Complaint.

25. Defendants deny each and every allegation contained in paragraph '25' of the Complaint.

26. Defendants deny each and every allegation contained in paragraph '26' of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS
(Fraud)

27. Defendants deny each and every allegation contained in paragraph '27' of the Complaint.

28. Defendants deny each and every allegation contained in paragraph '28' of the Complaint.

3

29. Defendants deny each and every allegation contained in paragraph '29' of the Complaint.

30. Defendants deny each and every allegation contained in paragraph '30' of the Complaint.

31. Defendants deny each and every allegation contained in paragraph '31' of the Complaint.

### AS AND FOR THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS
(Legal Malpractice)

32. Defendants deny each and every allegation contained in paragraph '32' of the Complaint.

33. Defendants deny each and every allegation contained in paragraph '33' of the Complaint.

34. Defendants decline to respond to the allegations in paragraph '34' of the Complaint based upon attorney client privilege.

35. Defendants decline to respond to the allegations in paragraph '35' of the Complaint based upon attorney client privilege.

36. Defendants deny each and every allegation contained in paragraph '36' of the Complaint.

37. Defendants deny each and every allegation contained in paragraph '37' of the Complaint.

38. Defendants deny each and every allegation contained in paragraph '38' of the Complaint.

39. Defendants deny each and every allegation contained in paragraph '39' of the Complaint.

40. Defendants deny each and every allegation contained in paragraph '40' of the Complaint.

41. Defendants deny each and every allegation contained in paragraph '41' of the Complaint.

42. Defendants deny each and every allegation contained in paragraph '42' of the Complaint.

43. Defendants deny each and every allegation contained in paragraph '43' of the Complaint.

44. Defendants deny each and every allegation contained in paragraph '44' of the Complaint.

45. Defendants deny each and every allegation contained in paragraph '45' of the Complaint.

46. Defendants deny each and every allegation contained in paragraph '46' of the Complaint.

47. Defendants deny each and every allegation contained in paragraph '47' of the Complaint.

48. Defendants deny each and every allegation contained in paragraph '48' of the Complaint.

49. Defendants deny each and every allegation contained in paragraph '49' of the Complaint.

50. Defendants deny each and every allegation contained in paragraph '50' of the Complaint.

51. Defendants deny each and every allegation contained in paragraph '51' of the Complaint.

52. Defendants deny each and every allegation contained in paragraph '52' of the Complaint.

53. Defendants deny each and every allegation contained in paragraph '53' of the Complaint.

54. Defendants deny each and every allegation contained in paragraph '54' of the Complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Breach of Fiduciary Duty)

55. Defendants deny each and every allegation contained in paragraph '55' of the Complaint.

56. Defendants deny each and every allegation contained in paragraph '56' of the Complaint.

57. Defendants deny each and every allegation contained in paragraph '57' of the Complaint.

58. Defendants deny each and every allegation contained in paragraph '58' of the Complaint.

59. Defendants deny each and every allegation contained in paragraph '59' of the Complaint.

60. Defendants deny each and every allegation contained in paragraph '60' of the Complaint.

61. Defendants deny each and every allegation contained in paragraph '61' of the Complaint.

62. Defendants deny each and every allegation contained in paragraph '62' of the Complaint.

63. Defendants deny each and every allegation contained in paragraph '63' of the Complaint.

### AS AND FOR THE FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
(Violation of Judiciary Law § 487)

64. Defendants deny each and every allegation contained in paragraph '64' of the Complaint.

65. Defendants deny each and every allegation contained in paragraph '65' of the Complaint.

66. Defendants deny each and every allegation contained in paragraph '66' of the Complaint.

67. Defendants deny each and every allegation contained in paragraph '67' of the Complaint.

68. Defendants deny each and every allegation contained in paragraph '68' of the Complaint.

PRAYER FOR RELIEF

a. Defendants deny each and every allegation contained in paragraph 'a' of the Complaint.

b. Defendants deny each and every allegation contained in paragraph 'b' of the Complaint.

c. Defendants deny each and every allegation contained in paragraph 'c' of the Complaint.

d. Defendants deny each and every allegation contained in paragraph 'd' of the Complaint.

e. Defendants deny each and every allegation contained in paragraph 'e' of the Complaint.

f. Defendants deny each and every allegation contained in paragraph 'f' of the Complaint.

g. Defendants deny each and every allegation contained in paragraph 'g' of the Complaint.

## **AFFIRMATIVE DEFENSES**

First Affirmative Defense: Defendants assert an affirmative defense that allegations in the complaint fail to state a claim.

Second Affirmative Defense: Defendants assert an affirmative defense that the allegations in the complaint are time barred. The claim of fraud is a six-year statute that has passed. The claim of malpractice violation of fiduciary responsibility and judiciary law are three-year statutes that begin upon the occurrence of the wrongful conduct complained of.

Third Affirmative Defense: Defendants assert an affirmative defense that the allegations in the complaint are barred by collateral estoppel.

Fourth Affirmative Defense: Defendants assert an affirmative defense that the allegations in the complaint are barred by the Plaintiff's lack of standing to assert an actual controversy.

Fifth Affirmative Defense: Defendants assert an affirmative defense that the allegations in the complaint are barred by the failure to assert an actual injury.

Sixth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by the statute of frauds.

Seventh Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by a release.

Eighth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by laches.

Ninth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by unclean hands.

Tenth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by the nature of investments being inevitable in its profitability.

Eleventh Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by documentary evidence.

Twelfth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint are barred by the judgment entered against former Defendant Aaron Fischman.

Thirteenth Affirmative Defense:   Defendants assert an affirmative defense that the allegations in the complaint constitute a derivative action which cannot be brought as an individual action.

Fourteenth Affirmative Defense:   That the action brought by these plaintiffs is barred by res judicata as a result of a RICO action brought by Shalom Maidenbaum the real party in interest in this case.  Defendants are proxies of Maidenbaum.

9

Fifteenth Affirmative Defense: Defendants assert an affirmative defense that the Plaintiffs failed to obtain personal jurisdiction of the Defendants.

## RESERVATIONS

Defendants demand a trial by jury for all issues of facts.

Defendants reserve the right to amend the answer to reflect the facts to be established in discovery.

Defendants reserve the right to add such affirmative defenses to reflect the evidence to be established in discovery.

## CONCLUSION

Defendants respectfully requests that the Court dismiss the complaint in its entirety and enter judgment in favor of Defendant Lawrence Katz, and such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
February 15, 2024

**LEVI HUEBNER & ASSOCIATES**

/ s / Levi Huebner
_____
By: Levi Huebner

488 Empire Blvd Suite 100
Brooklyn NY 11225
(212)354-2222

*Attorneys for Defendants*
*Lawrence Katz, Lawrence Katz Esq. PLLC*
*and Law Offices of Lawrence Katz PC*

*To all counsel of record via NYSCEF*